In the Matter of the Application of the BOARD OF PUBLIC IMPROVEMENTS OF THE CITY OF NEW YORK, by the Corporation Counsel, Relative to Acquiring Title by the City of New York for the Use of the Public to Certain Lands on the Northerly Side of Fifty-ninth Street and the Southerly Side of Sixtieth Street, etc., as a Site for the Construction and Permanent Location of a Suspension Bridge over the East River, between the Boroughs of Manhattan and Queens, Known as Bridge No. 4.

THE CITY OF NEW YORK, Appellant; ALFRED M. DOWNES, Respondent.

*Commission to condemn land in New York city — the clerks thereof are to be furnished by the corporation counsel.*

Section 1 of chapter 393 of the Laws of 1896, making it the duty of the corporation counsel of the city of New York to furnish the necessary clerks to commissioners appointed in condemnation proceedings instituted on behalf of the city, was not repealed, either expressly or impliedly, by the Greater New York

charter (Laws of 1897, chap. 378) and is still in force. Consequently, commissioners of estimate and assessment appointed in a proceeding instituted by the city of New York to acquire title to certain lands for the construction of East River Bridge No. 4 had no power to appoint a clerk to perform the clerical work of the commission, and a clerk so appointed by them is not entitled to enforce payment of his fees from the city.

APPEAL by The City of New York from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 21st day of August, 1902, taxing the bill of expenses of Alfred M. Downes, the clerk appointed by the commissioners, at the sum of $250 per month for two months.

*Theodore Connoly,* for the appellant.

*Thomas E. Rush,* for the respondent.

INGRAHAM, J. :

This proceeding was instituted by the city of New York to acquire title to certain lands for the construction of the East River Bridge No. 4. The corporation counsel supplied to the commission a clerk to perform the clerical work of the commission who was paid a regular salary by the city. The commission, however, appointed the respondent clerk to the commission at a salary of $250 per month. The chairman of the commission subsequently certified that the reasonable value of the services of the respondent was $500, and the court in this proceeding has taxed the bill of the clerk appointed by the commission at that sum for the services performed between the 29th day of April, 1902, and the 29th day of June, 1902, inclusive. Counsel for the city insisted that the commissioners had no power to appoint a clerk, but that the law requires the corporation counsel to furnish such clerks as are needed by the commission, and that he had furnished a clerk as required. By section 1 of chapter 393 of the Laws of 1896 it is provided that " in all proceedings * * * which may hereafter be instituted for the acquisition of any right, title or interest in any property for public purposes by the city of New York * * * it shall be the duty of the counsel to the corporation to furnish to the commissioners of estimate and assessment or commissioners of appraisal or such other commissioners as may have been or may be appointed

in any such proceeding wherein clerks and surveyors have not already been appointed, such necessary clerks, surveyors and other employes, and to provide such suitable offices as they may require to enable them to fully and satisfactorily discharge the duties imposed upon them." This provision was not expressly repealed by the New York charter of 1897 (Laws of 1897, chap. 378), but the respondent claims that it was repealed by implication. Section 1447 of that charter provides that "the amounts of the awards made in a proceeding brought under this chapter for the value of lands and interests therein taken hereunder shall be paid out of the fund created by the act authorizing the acquirement of the said lands or interests therein, and the money for the payment thereof, together with the fees of the commissioners of estimate, the compensation of such necessary clerks or assistants as they may employ, and all other necessary expenses in and about the special proceeding instituted under this chapter, including the fees of counsel employed by the corporation counsel in the proceeding and all other reasonable expenses incurred by said corporation counsel in the conduct of said proceeding, shall be also paid out of the said fund so provided." By section 1608 of the charter the provisions of the Consolidation Act were only repealed "so far as any provisions thereof are inconsistent with the provisions of this act, * * * and no further," and section 1609 provides that "the mere omission from this act of any previous acts or of any of the provisions thereof, including said consolidation act of eighteen hundred and eighty-two, relating to or affecting the municipal and public corporations or any of them which are herein united and consolidated, shall not be held to be a repeal thereof." We think that, under these provisions, section 1 of the act of 1896 was still in force. By the act of 1896 it was made the duty of the counsel to the corporation to furnish to the commissioners of estimate and assessment, or the commissioners of appraisal, "such necessary clerks, surveyors and other employes;" and nothing in the charter expressly repeals this provision, and the mere fact that it was not repeated in the charter could not be held to be a repeal thereof. The provision (§ 1447) requiring the payment of the fees of the commission, the compensation of such necessary clerks or assistants as they may employ, and the other neces-

sary expenses of proceedings, out of a certain fund provided for the payment of the awards for lands taken, is not at all inconsistent with the provision that the clerks that they appoint are to be the clerks furnished by the counsel to the corporation under the provisions of the act of 1896. We do not think that it was the intention of the Legislature to repeal the act that provided that the clerks required to perform the clerical work of the commission should be furnished by the corporation counsel, rather than that independent clerks should be appointed by the commissioners, which would increase the cost of these proceedings, now extremely burdensome to the city and the property owners. This construction we think, is justified by the case of *People ex rel. Pumpyansky* v. *Keating* (168 N. Y. 390). That it was the intention of the Legislature to continue this restriction upon the power of these commissioners to appoint clerks appears from the provisions of the revised charter (Laws of 1901, chap. 466), which went into effect on the 1st of January, 1902. By section 1446 of that act it is made the duty of the comptroller of the city of New York to furnish the commissioners of estimate and appraisal who may be appointed such necessary clerks and other employees as they may require to enable them fully and satisfactorily to discharge the duties imposed upon them; and although this provision may not apply, as by section 1448 it is provided that the provisions of the chapter shall not apply to any proceeding instituted prior to the time of the taking effect of the act, it is a legislative declaration that the commissioners were not to appoint independent clerks for the performance of these duties.

My conclusion is that the commissioners had no power to appoint the respondent and that he is not entitled to enforce payment of his fees from the city.

It follows that the order appealed from must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Van Brunt, P. J., Patterson, Hatch and Laughlin, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.